PEKIN INSURANCE COMPANY, Plaintiff-Appellant, v. ESTATE OF CLINTON RITTER, Deceased, Defendant-Appellee.

Fourth District No. 4—00—0958

Argued May 15, 2001.—Opinion filed June 19, 2001.

Robert Marc Chemers and Amy E. Johnson (argued), both of Pretzel & Stouffer, Chartered, of Chicago, for appellant.

James A. Martinkus (argued), of Erwin, Martinkus & Cole, Ltd., of Champaign, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

In this declaratory judgment action, plaintiff, Pekin Insurance Company (Pekin), appeals from the order of the circuit court of Ford County granting summary judgment in favor of defendant, the estate of Clinton Ritter, deceased, and denying Pekin's cross-motion for summary judgment. The trial court's ruling allowed defendant to "stack" available underinsured motorist (UIM) coverage for multiple vehicles under the same Pekin policy. The only issue is whether the UIM coverage limitation provision of the policy, read in conjunction with the remaining provisions of the policy, is ambiguous. We reverse and remand with directions to enter summary judgment in favor of Pekin.

The construction of an insurance policy is a question of law (*Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 108, 607 N.E.2d 1204, 1212 (1992)), and we construe it *de novo*

(*Mank v. West American Insurance Co.*, 249 Ill. App. 3d 827, 830, 620 N.E.2d 6, 8 (1993)).

The Pekin policy involved in this case lists three vehicles in the declaration sheet and limits the liabilities for UIM coverage to $50,000 per person and $100,000 per accident. The UIM coverage limitation provision provides in relevant part as follows:

"D. LIMIT OF INSURANCE

1. Regardless of the number of covered 'autos,' 'insureds,' premiums paid, claims made or vehicles involved in the 'accident,' the most we will pay for all damages resulting from any one 'accident' is the Limit of Insurance for UNDERINSURED MOTORISTS COVERAGE shown in this endorsement."

With the exception of the policy limits and the number of vehicles insured, the policy in this case is identical to the policy found ambiguous in *Pekin Insurance Co. v. Estate of Goben*, 303 Ill. App. 3d 639, 646-49, 707 N.E.2d 1259, 1264-66 (1999). Here, too, the declaration sheet contained two columns per vehicle. It showed UIM coverage to be limited to "50/100" in the first column for each vehicle, with the second column showing UIM premiums of $7 for vehicle 1, $7 for vehicle 2, and $11 for vehicle 3. As does the disposition in *Goben*, the defense relies on the *obiter dictum* in *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 192-93, 620 N.E.2d 355, 362 (1993), even though the *Bruder* decision found unambiguous the limitation of UIM coverage clause using virtually identical language to that employed in this case and in *Goben* (*Bruder*, 156 Ill. 2d at 189-94, 620 N.E.2d at 360-63). The *Goben* court relied on the fact that the UIM limitation of coverage clause referred to the UIM coverage in the endorsements and concluded that it could be read to imply that the parties intended multiple coverage amounts, one for each vehicle, were afforded by payment of the separate premiums. We disagree.

■ Although referred to as an "anti-stacking clause," the parties agree that the relevant clause in this case defines the limits of UIM coverage. This case does not involve stacking of coverage under multiple insurance policies. The entries in the columns on the declaration page in this policy do nothing more than indicate the amount of coverage provided for each vehicle and the amount of the total premium allotted to that coverage. To the extent that there could be some confusion arising out of whether the coverages could be "stacked," the UIM coverage limitation provision clarifies that question. That provision is not ambiguous. The amount that would be paid for all damage is limited by the UIM coverage, *i.e.*, "50/100," for any covered vehicle. The policy does not allow for UIM coverage for each vehicle to be aggregated.

When the language limiting UIM coverage is unambiguous, the fact that separate premiums are paid does not render the UIM coverage limitation clause ambiguous; it simply means that the insured can recover under one of the coverages. See *Menke v. Country Mutual Insurance Co.*, 78 Ill. 2d 420, 425-26, 401 N.E.2d 539, 542 (1980). A similar limitation on uninsured motorist coverage was upheld in *Cincinnati Insurance Co. v. Miller*, 190 Ill. App. 3d 240, 248-49, 546 N.E.2d 700, 706 (1989).

Although it involves interpretation of a different insurance policy, we are equally unpersuaded by the analysis in *Yates v. Farmers Automobile Insurance Ass'n*, 311 Ill. App. 3d 797, 799-800, 724 N.E.2d 1042, 1044-45 (2000). The *Yates* decision seems to contradict *Frigo v. Motors Insurance Corp.*, 271 Ill. App. 3d 50, 53-54, 60-65, 648 N.E.2d 180, 182-83, 186-90 (1995), wherein the court found unambiguous a UIM limitation clause very similar to the clause interpreted in *Yates*.

The summary judgment entered in the circuit court of Ford County in favor of defendant is reversed and the cause is remanded with directions to enter summary judgment in favor of Pekin.

Reversed and remanded with directions.

MYERSCOUGH and KNECHT, JJ., concur.