1-01-1143

THIRD DIVISION

November 21, 2001

No. 1-01-1143

TERRENCE and MARIE DOMIN, ) Appeal from the 

) Circuit Court of

Plaintiffs-Appellees, ) Cook County.

)

)

v. ) 

)

)

SHELBY INSURANCE COMPANY,   )

a foreign corporation, ) The Honorable 

) Lester D. Foreman,

Defendant-Appellant. ) Judge Presiding.

JUSTICE WOLFSON delivered the opinion of the court:

The question before us is whether uninsured motorist coverage under a particular insurance policy could be "stacked" or aggregated.  The answer seems to come down to how many times the policy's limits of liability appear on its Declarations page.  The trial court entered summary judgment for the insureds.  We reverse the trial court's decision and remand this cause with directions to enter summary judgment for the insurance company.

FACTS

Terrence and Marie Domin (the Domins) insured two cars under an automobile policy issued by Shelby Insurance Company (Shelby).  The policy provided uninsured/underinsured motorists coverage to the Domins.  On January 21, 1998, Terrence Domin was driving one of the insured vehicles when he was injured in a collision with an oncoming car. 

Terrence later filed a lawsuit in the Circuit Court of Cook County against the owner, driver, and passenger of the other car (the "underlying suit").  That lawsuit was based on negligence.  Marie Domin, who was neither involved nor injured in the accident, joined her husband's lawsuit.  She asserted claims for 

loss of society due to his injuries.
(footnote: 1)
 The defendants in the underlying suit were uninsured, so the Domins turned to Shelby.  The Domins requested Shelby provide uninsured motorist coverage under their insurance policy No. IA 8537640.  That policy provided, in part:

"PART C - UNINSURED MOTORISTS COVERAGE

 INSURING    A.  We will pay compensatory damages which an           insured is legally entitled to recover              from the owner or operator of an uninsured          motor vehicle because of bodily injury:

   1.  Sustained by an insured; and

   2.  Caused by an accident."

The policy defined "bodily injury" as "bodily harm, sickness or disease, including death that results."

The uninsured motorist coverage provision was subject to another provision titled "Limit of Liability."  It provided:

"SPLIT SCHEDULE

 UNINSURED Uninsured Motorists Coverage   
$ See Declarations
 each person

 MOTORISTS   
$ See Declarations
 each accident

 LIMITS The first paragraph of the Limit provision in Part C is replaced by the following:

LIMIT OF LIABILITY

The limit of liability shown in the Schedule or in the Declarations for each person for Uninsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of bodily injury sustained by any one person in any one accident.  Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Uninsured Motorists Coverage is our maximum limit of liability for all damages for bodily injury resulting from any one accident.  This is the most we will pay regardless of the number of:

1.  Insureds;

2.  Claims made;

3.  Vehicles or premiums shown in the Declarations; or

4.  Vehicles involved in the accident."

With respect to uninsured motorist coverage, The policy's Declarations page showed the following "Limits of Liability:"

"INSURANCE IS PROVIDED WHERE A PREMIUM IS SHOWN FOR THE COVERAGE

 COVERAGE    LIMITS OF LIABILITY PREMIUMS

       AUTO   1 2

***

 UNINSURED/UNDERINSURED $100,000 EACH PERSON 18.00 17.00

MOTORISTS - BODILY INJURY $300,000 EACH ACCIDENT 

 OTHER THAN COLLISION $250 DEDUCTIBLE 23.00 19.00

 COLLISION $250 DEDUCTIBLE 66.00 49.00"

In response to the Domins' request, Shelby offered to pay them $100,000 -- the per person bodily injury limit of the policy's uninsured motorist coverage.  The Domins rejected Shelby's $100,000 offer. 

The Domins do not question the clarity of the "LIMIT OF LIABILITY" provision.  There is no ambiguity to it.  It clearly means what it says -- the limit of liability shown in the Schedule or in the Declarations for each insured who receives bodily injury is the most the company will pay, no matter how many claims or vehicles are covered.  But, they say, ambiguity arises when the "LIMIT OF LIABILITY" provision is read with the Declarations page.  That is, the policy can reasonably be interpreted to allow liability limits of the two covered vehicles to be "stacked" or aggregated, providing a total maximum coverage of $200,000.  The Domins contend they must be the beneficiaries of ambiguity in the policy language.

Of course, Shelby denies the policy is ambiguous.  It says the "LIMITS OF LIABILITY" provision clearly prohibits stacking.  That is, says Shelby, the policy limit for one bodily injury is $100,000, regardless of the number of vehicles insured by the Domins, and here there is only one bodily injury.

The Domins filed a complaint for declaratory judgment in the Circuit Court of Cook County.  

On plaintiffs' motion for summary judgment, the trial court entered judgment for the Domins.  The court ruled that under 
Yates v. Farmer's Automobile Insurance Ass'n
, 311 Ill. App. 3d 797, 724 N.E.2d 1042 (2000), the Domins were entitled to "stack" the "$100,000 each person" limits of uninsured motorist coverage under the automobile policy they purchased from Shelby because the Domins paid premiums for two vehicles.

This appeal followed.

DECISION

The trial judge felt obligated to follow 
Yates v. Farmer's Automobile Insurance Ass'n
, 311 Ill. App. 3d 797, 724 N.E.2d 1042 (2000).  We, however, do not.

STANDARD OF REVIEW

Summary judgment is proper when the pleadings, depositions, and admissions on file, together with the affidavits, if any, reveal there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See 735 ILCS 5/2-1005(c) (West 1998); 
American Family Mutual Insurance Co. v. Hinde
, 302 Ill. App. 3d 227, 231, 705 N.E.2d 956 (1999).  We review 
de
 
novo
 a trial court's order granting summary judgment.  
Pekin Insurance Co. v. Estate of Ritter
, 322 Ill. App. 3d 1004, 1004-05, 750 N.E.2d 1285 (2001).

STACKING

Anti-stacking provisions in insurance policies are unenforceable when the language employed is unclear or  ambiguous.  
Grzeszczak v. Illinois Farmers Insurance Co.
, 168 Ill. 2d 216, 220, 659 N.E.2d 952 (1995).  If an anti-stacking clause is unambiguous and does not violate public policy, there is no need for construction; it must be enforced according to its terms.  
Grzeszczak
, 168 Ill. 2d at 223.

"The touchstone when determining whether an ambiguity exists regarding an insurance policy is whether the relevant portion is subject to more than one reasonable interpretation, not whether creative possibilities can be suggested.  'Reasonableness is the key.' "  
Pekin Insurance Co. v. Estate of Goben
, 303 Ill. App. 3d 639, 646, 707 N.E.2d 1259 (1999), quoting 
Bruder v. Country Mutual Insurance Co.
, 156 Ill. 2d 179, 193, 620 N.E.2d 355 (1993).

We review 
de
 
novo
 a trial court's construction of an insurance policy.  
Ritter
, 322 Ill. App. 3d at 1004-05.  The construction of an insurance policy is a question of law.  
Outboard Marine Corp. v. Liberty Mutual Insurance Co.
, 154 Ill. 2d 90, 108, 607 N.E.2d 1204 (1992). 

Shelby does not dispute the Domins are entitled to benefits under the policy's uninsured motorist coverage provision.  The vehicle owned and operated by the defendants in the underlying suit was uninsured.  The Domins are entitled to the "each person" limit of uninsured motorists coverage shown on the policy's Declarations page.  This is true regardless of whether the limit is $100,000 or $200,000.  But only the insured who incurs "bodily injury" -- here, Terence -- is covered.

The parties dispute whether the Domins are entitled to "stack" the "$100,000 each person" liability limits for each of their two vehicles insured under the policy, for a total available benefit of $200,000. 

First, we must determine whether the policy clearly and unambiguously prohibits the Domins from stacking their liability limits.  If the policy is unambiguous, summary judgment is appropriate for Shelby.  But, if the policy is ambiguous, it must be interpreted in favor of the insured and the trial court's grant of summary judgment for the Domins will be affirmed.  See 
Ritter
, 322 Ill. App. 3d at 1004-05.

The Domins do not and cannot assert that simply because they paid separate premiums for the two cars they should be able to stack coverage.  See 
American Family Mutual Insurance Co. v. Martin
, 312 Ill. App. 3d 829, 833, 728 N.E.2d 115 (2000).  Nor can they say an anti-stacking clause is 
per
 
se
 violative of public policy.  See 
Pahn v. State Farm Mutual Auto Insurance Co.
, 291 Ill. App. 3d 343, 345, 683 N.E.2d 972 (1997).

The Illinois Supreme Court has addressed the question of whether uninsured motorists coverage for multiple vehicles covered in a single insurance policy can be stacked or aggregated to provide additional coverage.  
Bruder
, 156 Ill. 2d at 189-94.  

In 
Bruder
, the plaintiffs insured two pickup trucks under the same insurance policy.  156 Ill. 2d 189-90.  The policy contained an anti-stacking provision that referred the insured to the Declarations page for the limit of liability.  
Bruder
, 156 Ill. 2d at 189-91.  On the Declarations page of the policy, the two vehicles were listed separately and there was only one liability limit listed for both vehicles.  
Bruder
, 156 Ill. 2d at 191.  

Since the liability limit was listed only once on the Declarations page, the court held the anti-stacking clause was unambiguous.  The court did not allow the plaintiff to stack the uninsured motorists coverage.  
Bruder
, 156 Ill. 2d at 193.  

The court then went beyond the precise issue in the case.  In 
dicta
, it noted that if there were a liability limit listed for each vehicle on the Declarations page, the policy would likely be ambiguous and stacking would be allowed.  
Bruder
, 156 Ill. 2d at 192.  The court reasoned that if there were a separate liability limit listed for each vehicle listed on the Declarations page, there would be little to suggest the parties intended to limit coverage to the amount provided for only one of the two vehicles.  
Bruder
, 156 Ill. 2d at 192.  In that case, the court said, "It would be more reasonable to assume that the parties intended that, in return for the two premiums, two $100,000 coverage amounts were afforded."  
Bruder
, 156 Ill. 2d at 189.

Here, as in 
Bruder
, stacking is prohibited.  The policy's anti-stacking provision is clear and unambiguous.  The policy's "Limit of Liability" provision says that regardless of the number of vehicles or premiums shown on the Declarations page, Shelby only agreed to pay up to the limit of insurance shown for uninsured motorists coverage for bodily injury, which is "$100,000 each person."  Only Terrence Domin suffered bodily injury.

The Domins' two vehicles were listed separately on the Declarations page of the policy and there was only one liability limit listed for both vehicles.  Since, as in 
Bruder
, the liability limit was listed only once on the Declarations page, we hold the anti-stacking clause is unambiguous and the Domins cannot stack their uninsured motorists coverage.  
Bruder
, 156 Ill. 2d at 193.  

The Domins contend we should find Shelby's policy ambiguous on whether stacking is permitted.  They suggest this case is controlled by the Seventh Circuit's decision in 
Allen v. Transamerica Ins. Co.
, 128 F.3d 462 (7th Cir. 1997), and by the Fifth District's decision in 
Yates v. Farmer's Automobile Insurance Ass'n
, 311 Ill. App. 3d 797, 724 N.E.2d 1042 (2000).  

Specifically, the Domins contend 
Allen
 -- which has been adopted by the Fifth District (see, e.g., 
Janes v. Western States Insurance Co.
, No. 5--99--0763, slip op. at 5-6 (August 31, 2001)) -- and 
Yates
 have resolved the issue before us.  That is, we should find, under 
Allen
 and 
Yates
, the anti-stacking provision in Shelby's policy is ambiguous.  The Domins conclude the policy should be interpreted to allow stacking and provide a liability limit of $200,000 per person because all ambiguities must be interpreted in favor of the insured.

The Domins are incorrect.  This case is not controlled by 
Allen
 and 
Yates
.  We need not conduct a frontal assault on the 
Allen
 and 
Yates
 decisions in order to reach a contrary conclusion.  Those cases involve construction of different insurance policy language.  Not much different, but different enough.

In 
Allen
, the Seventh Circuit, relying on the 
dicta
 in 
Bruder
, allowed an insured to stack underinsured motorist coverage due to ambiguity in her policy.  
Allen
, 128 F.3d 462.  Allen had insured two vehicles under the same policy.  Each vehicle had an underinsured motorist liability limit of $50,000 per person and $100,000 per incident.  
Allen
, 128 F.3d 464.  

Allen's policy contained a limit of liability provision that said:

"The limit of liability shown in the Schedule or in the Declarations for each person for Underinsured Motorists Coverage is our maximum limit of liability for all damages, including damages for care, loss of services or death, arising out of 'bodily injury' sustained by any one person in any one accident. Subject to this limit for each person, the limit of liability shown in the Schedule or in the Declarations for each accident for Underinsured Motorists Coverage is our maximum limit of liability for all damages for 'bodily injury' resulting from any one accident.  This is the most we will pay regardless of the number of:

1. Insureds;

2. Claims made;

3. Vehicles or premiums shown in the Declarations; or

4. Vehicles involved in the accident."  
Allen
, 128 F.3d 464.

The 
court held there was no ambiguity in the anti-stacking language of the limit of liability provision of the policy, 
Allen
, 128 F.3d 464, but the court found an ambiguity when it tried to determine the "limit of liability" referred to in the anti-stacking provision.  

The limit of liability provision directed the insured to either the "Schedule" or the "Declarations" to determine the amount of the limit.  The limit of liability sections on the Schedules were left blank.  The only place to look to determine the limits was the Declarations page.  There, two limits of liability were listed -- one for each vehicle.  
Allen
, 128 F.3d 464.  After looking at the Declarations page, the court looked to 
Bruder
 for guidance in construing the anti-stacking provision in conjunction with the Declarations page.  
Allen
, 128 F.3d at 465-66.

After analyzing 
Bruder
, the court noted the Declarations page in 
Bruder
 listed the amount of coverage only once, not twice, as did the Declarations page in Allen's policy.  The court explained the significance of this distinction by relying on 
Bruder
's 
dicta
.  
Allen
, 128 F.3d at 465.

The court held "the 
Bruder
 
dicta
 predicts that the Illinois Supreme Court would find the anti-stacking clause ambiguous when viewed in conjunction with the columnar arrangement of the declarations page, and would therefore rule in favor of coverage."  
Allen
, 128 F.3d at 467.  In short, the court found the anti-stacking provision in the plaintiff's policy had been rendered ambiguous under Illinois law and it stacked the underinsured motorist coverage.  
Allen
, 128 F.3d at 467.

In 
Yates
, the plaintiff insured two vehicles under a single insurance policy that provided underinsured motorist coverage.  
Yates
, 311 Ill. App. 3d at 798-99.  The policy had an anti-stacking provision that referred to the Declarations page for the limit of liability amounts.  

The policy's Declarations page included a statement directly above the policy limits that said: "COVERAGE IS PROVIDED WHERE A PREMIUM AND A LIMIT OF LIABILITY OR THE WORD 'INCLUDED' ARE SHOWN FOR COVERAGE."  (Emphasis in original.)  
Yates
, 311 Ill. App. 3d at 800.  

On the declarations page, the row corresponding to uninsured/underinsured motorist coverage showed limits of "50/100" and a premium of $5 under both "auto one" and "auto two" -- in other words, two vehicles were listed separately and a $50,000 per person liability limit was listed under each.  
Yates
, 311 Ill. App. 3d at 800.

The court found the plaintiff's policy contained provisions that were ambiguous and contradictory because "in one part of the insurance policy, there is a provision claimed to be an anti-stacking provision," and "on the declarations page, the policy states that coverage is provided where a premium and a limit of liability are shown."  
Yates
, 311 Ill. App. 3d at 800.

The court said that where "on the declarations page, the policy shows limits of '50/100' and a premium under each of the two vehicles," it must construe the policy in a manner that is most favorable to the insured.  It held the trial court's decision granting the plaintiff $100,000 in underinsured motorist coverage, a figure calculated by aggregating the $50,000 limit for underinsured motorist coverage on each of the two vehicles in the plaintiff's insurance policy, was correct.  
Yates
, 311 Ill. App. 3d at 800.

In 
Allen
, and again in 
Yates
, it was the Declaration page of the policy that turned a clear anti-stacking provision into ambiguity.  That is, the Declarations page in each policy listed the amount of maximum liability coverage separately for each vehicle.  The Declarations page of the Domins' policy does not.  Nor did the Declarations page in 
Bruder
.  There, as here, the Declarations page contained only one limit of liability for bodily injury suffered by each person on the page.

While the Fifth District has held to the course staked out in 
Yates
, see 
Janes v. Western States Insurance Co.
, No. 5--99--0763, slip op. at 5-8 (August 31, 2001); 
Skidmore v. Safeco Insurance Co.
, 323 Ill. App. 3d 417, 423-25, 751 N.E.2d 637 (2001); 
Pekin Insurance Co. v. Estate of Goben
, 303 Ill. App. 3d 639, 647-49, 707 N.E.2d 1259 (1999), agreement has not been universal, even where Declarations page wording is similar.

In 
Pekin Insurance Co. v. Estate of Ritter
, 322 Ill. App. 3d 1004, 1005, 750 N.E.2d 1285 (2001), the Fourth District said it was "equally unpersuaded by the analysis" in 
Yates
.  In 
Ritter
, as in 
Yates
, the Declarations page in the policy (an underinsured motorists policy) contained separate columns for each vehicle and showed separate coverage limits for each column.  The court said the separate coverage limits do not allow for aggregation of coverage.  
Ritter
 makes no mention of the 
Bruder
 
dicta
.  Instead, it relies in part on the First District case of 
Frigo v. Motors Insurance Corp.
, 271 Ill. App. 3d 50, 62-65, 648 N.E.2d 180 (1995).  In 
Frigo
, the court held an unambiguous anti-stacking clause was not made ambiguous by the presence of separate premiums paid for medical payments coverage of separate vehicles, even though the Declarations page expressed a maximum liability limit for each injured person.

Here, the Declarations page carefully and unambiguously identifies the types and amounts of coverage for each vehicle -- there is no confusing columnar arrangement.  Because the arrangement of the policy's anti-stacking provisions and Declarations page are different than in 
Allen
 and 
Yates
, and identical to that in 
Bruder
, 
Bruder
 is controlling precedent.  We find Shelby's policy is unambiguous -- no stacking allowed.

We admit to some discomfort deciding a case on the basis of how many times the "Limits of Liability" figure appears on a piece of paper -- here, the Declarations page.  But that is where the cases, especially the 
Bruder
 
dicta
, take us.  That is where we shall remain until instructed otherwise.

We hold the trial court erred in not finding the Shelby policy's Limit of Liability provision enforceable to preclude the Domins from stacking the uninsured motorist coverage amounts for their two vehicles, and in not finding the uninsured motorist coverage was limited to $100,000 for Terrence Domin's injuries.  

We hold summary judgment should be granted in favor of Shelby.  Shelby is entitled to a declaratory judgment that only "$100,000 each person" in uninsured motorist coverage is available to the Domins under the policy's anti-stacking provisions, and Terrence is that person.

CONCLUSION

We reverse the summary judgment entered by the trial court in favor of the Domins and remand the cause with directions to enter summary judgment in favor of Shelby.

Reversed and remanded, with directions.

CERDA, and SOUTH, JJ., concur.

FOOTNOTES
1:
We note that on appeal, the Domins do not contend multiple limits of uninsured motorist coverage are available because Terrence and Marie Domin asserted separate causes of action in the underlying auto accident lawsuit -- the Domins do not dispute Marie Domin's loss of society claim is derivative of her husband's bodily injury claim.  Thus, the sole issue on appeal is whether the Domins can "stack" the policy's liability limits because Shelby issued the policy to cover two vehicles.