(text box: 1) NO. 5-01-0412

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

JESSE HALL, ANGEL HALL, and AUSTIN ) Appeal from the

HALL, a Minor, by Jesse Hall, His Father and ) Circuit Court of

Next Friend, ) Saline County.  

)

Plaintiffs and Counter- )

defendants-Appellees, )

v. ) No. 00-MR-14

)

GENERAL CASUALTY COMPANY OF )

ILLINOIS, )

)

Defendant and Counter- )

defendant-Appellant, )

and )

)

PAUL DAVIS and ROBERT W. SMITH, )

)

Defendants and Counterdefendants, )

and )

)

JAMES M. SMITH, ) Honorable

) Bruce D. Stewart, 

Defendant and Counterplaintiff. ) Judge, presiding.  

___________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

We visit once again the question of the enforceability of a provision in an insurance policy that purports to prohibit the aggregation or stacking of liability coverage limits for two separate vehicles insured under the same policy.  Under the facts of this case, we find that the insurance policy is ambiguous as to this question and that the antistacking provision is therefore unenforceable.   

This case comes before us on appeal from a summary judgment entered by the circuit court of Saline County on May 17, 2001, in a declaratory judgment action brought by Jesse Hall, Angel Hall, and Austin Hall, a minor, by Jesse Hall, his father and next friend (plaintiffs), against General Casualty Company of Illinois (General Casualty).  Plaintiffs had been injured when the vehicle in which they were riding was hit by a vehicle driven by Paul Davis, the insured under an automobile insurance policy issued by General Casualty.  Also injured in the same accident were Robert W. Smith and James M. Smith, occupants of a third vehicle involved in the crash.  Davis and the Smiths were joined as defendants in the declaratory judgment action.  

The insurance policy in question is a personal automobile policy issued by General Casualty to Davis and his wife.  It insures two vehicles: a 1996 Mercury and a 1994 Chevrolet.  The Chevrolet was involved in the accident in which plaintiffs were injured.  The declarations page of the insurance policy is set forth as follows:

"
Coverage Information
 
INSURANCE IS PROVIDED WHERE A PREMIUM

IS SHOWN

           Coverage   Limit of Liability        Premium

 Unit 1         Unit 2

A SPLIT LIMIT LIABILITY $250,000 EA PERSON 

    BODILY INJURY $500,000 EA ACCIDENT 145.00 95.00

A PROPERTY DAMAGE $100,000 EA ACCIDENT   85.00 56.00

B MEDICAL PAYMENTS $    5,000 EA PERSON   14.00 13.00

C UNINSURED MOTORIST $  20,000 EA PERSON 

    BODILY INJURY $  40,000 EA ACCIDENT       9.00  9.00

D OTHER THAN COLLISION ACTUAL CASH VALUE   84.00 56.00

D COLLISION ACTUAL CASH VALUE

LESS $500 DEDUCTIBLE 120.00 75.00

D TOWING AND LABOR $50 EA DISABLEMENT    
    5.00  5.00

TOTAL PREMIUM BY UNIT 462.00        309.00"

The insurance policy also contains an antistacking clause that provides as follows:

"
LIMIT OF LIABILITY

* * * 

Split Limit Liability
.  If Split Limit Liability is provided in the Declarations:

The limit of liability shown in the Declarations for 'each person' for Bodily Injury Liability is our maximum limit of liability for all damages *** arising out of 'bodily injury' sustained by any one person in any one auto accident.  Subject to this limit for 'each person,' the limit of liability shown in the Declarations for 'each accident' for Bodily Injury Liability is our maximum limit of liability for all damages for bodily injury resulting from any one auto accident.  The limit of liability shown in the Declarations for 'each accident' for property damage liability is our maximum limit of liability for all damages to all property resulting from any one auto accident.

This is the most we will pay regardless of the number of 'insureds,' claims made, vehicles or premiums shown in the Declarations, or vehicles involved in the auto accident."

Plaintiffs argue that the insurance policy is ambiguous with respect to stacking because the declarations page states, "Insurance is provided where a premium is shown."  Because a premium is shown for both vehicles, plaintiffs argue that the policy could reasonably be construed to provide the $500,000 limit of liability per accident twice, once for each vehicle, despite what they concede is the unambiguous language of the antistacking provision.  General Casualty argues that the antistacking provision is unambiguous and limits its maximum liability to $500,000 regardless of the number of vehicles or premiums shown in the declarations.  General Casualty argues that the phrase "Insurance is provided where a premium is shown" does not refer to the 
extent
 of coverage but refers only to its 
existence
 for that particular vehicle.  The circuit court agreed with plaintiffs, as do we, and it entered a summary judgment for plaintiffs.  The judgment declared that the insurance policy provides liability coverage in the amount of $500,000 per person and $1 million per accident.  General Casualty appeals.

The parties agree that the question before the trial court, which involves the construction of an insurance policy, presents only a question of law and was appropriate for a summary judgment.  See 
Pekin Insurance Co. v. Estate of Goben
, 303 Ill. App. 3d 639, 642 (1999).  We review the trial court's judgment 
de novo
.  
American States Insurance Co. v. Koloms
, 177 Ill. 2d 473, 479-80 (1997).

The Illinois Supreme Court has held that antistacking provisions will be enforced as written if the provision is unambiguous and does not violate public policy.  See 
Grzeszczak v. Illinois Farmers Insurance Co.
, 168 Ill. 2d 216, 223 (1995).  The parties make no argument that the antistacking provision in the case at bar is violative of public policy.  Accordingly, we turn to the question of whether it is ambiguous.  

If a clause is unambiguous, there is no need for construction and it must be enforced according to its terms.  
Grzeszczak
, 168 Ill. 2d at 223-24.  However, if a clause is ambiguous, it must be construed in favor of the insured.  
Grzeszczak
, 168 Ill. 2d at 223.  The touchstone in determining whether ambiguity exists is whether the relevant portion is subject to more than one reasonable interpretation, not whether creative possibilities can be suggested.  
Bruder v. Country Mutual Insurance Co.
, 156 Ill. 2d 179, 193 (1993).  We ask, then, whether the insurance policy in the case at bar is subject to more than one reasonable interpretation with respect to the stacking of policy limits for multiple vehicles insured under the policy. 

In 
Yates v. Farmers Automobile Insurance Ass'n
, 311 Ill. App. 3d 797 (2000), this court found that, despite the clear wording of an antistacking clause similar to the one in the case at bar, policy limits for multiple vehicles could be stacked where the declarations page contained the statement, "Coverage is provided where a premium and a limit of liability or the word 'included' are shown for coverage."  
Yates
, 311 Ill. App. 3d at 800.  The declarations page showed a premium and a limit of liability for both vehicles insured by the policy.  We held that the policy contained provisions that were ambiguous and contradictory:

"In one part of the insurance policy, there is a provision claimed to be an antistacking provision.  On the declarations page, the policy states that coverage is provided where a premium and a limit of liability are shown.  On the declarations page, the policy shows limits *** and a premium under each of the two vehicles."  
Yates
, 311 Ill. App. 3d at 800.

Because of these contradictory provisions, the insurance policy was found to be ambiguous with respect to stacking and was construed in favor of coverage.  The stacking of the policy limits for the two vehicles was allowed.

Similarly, in the case at bar, the insurance policy contains inconsistent and contradictory provisions.  The antistacking clause provides that the limit of liability shown is the maximum amount of liability regardless of the number of vehicles or premiums shown, while the declarations page states that insurance is provided where a premium is shown.  A premium is shown for both of the vehicles insured by the policy, showing a liability limit of $500,000 each accident.  The declarations page can reasonably be construed to mean that the liability limit of $500,000 for each accident is provided with respect to each vehicle, resulting in a maximum liability of $1 million.  To the extent that this is inconsistent with the antistacking provision, the policy is ambiguous and must be construed in favor of coverage.  

General Casualty points out, however, that the limit of liability is listed only once on the declarations page and is not listed separately for each vehicle.  General Casualty insists that this distinguishes its policy from the one in 
Yates
 and that its policy is consistent with 
Bruder
.  In 
Bruder
, the limit of liability was listed only one time on the declarations page and was set apart from the rest of the information pertaining to the vehicles insured in such a way that it could not be read as applying to each vehicle in a cumulative manner.  156 Ill. 2d at 191-92.  The supreme court held that no ambiguity was created by the 
Bruder
 policy and that the antistacking clause would be enforced as written.  156 Ill. 2d at 193.  The court pointed out that an ambiguity might be created where the limit of liability was listed separately for each vehicle but that none was created where the limit of liability was listed only one time.  
Bruder
, 156 Ill. 2d at 192.  General Casualty argues that, similarly, its limit of liability is listed only one time and that there is therefore no ambiguity.  

We emphasize that it is not the number of times the limit of liability is listed on the declarations page that creates the ambiguity in the case at bar.  It is the inclusion of the language "Insurance is provided where a premium is shown," together with the layout of the declarations page, that creates the ambiguity in the case at bar.  A similar phrase was not present in the 
Bruder
 policy, and 
Bruder
 is therefore inapposite to the case at bar.

In 
Yates
, the limit of liability was listed multiple times, once for each vehicle.  However, it was not this fact alone that created the ambiguity in 
Yates
.  We made it clear that the language "Coverage is provided where a premium and a limit of liability or the word 'included' are shown for coverage" created the ambiguity in 
Yates
, for it was this language which was directly contradictory to the language in the antistacking clause.  The case at bar is nearly identical to 
Yates
 in this important respect.  The declarations page can reasonably be construed to provide for an additional $500,000 in liability coverage where a premium is shown for a second vehicle.

We are cognizant of the recent decision from the First District of this court that found no ambiguity in an insurance policy which is identical to that in the case at bar.  
 Domin v. Shelby Insurance Co.
, 326 Ill. App. 3d 688, 761 N.E.2d 746 (2001).  In that case, despite the presence of the offending phrase on the declarations page, the court focused entirely on the number of times the policy liability limits were listed on the declarations page.  The court did not address the phrase that we find to be directly contradictory to the antistacking clause, creating an ambiguity, presumably because this argument was not presented to it.  Instead, the court found that, because the limit of liability was only listed one time on the declarations page, as in 
Bruder
, there was no ambiguity in the policy and the antistacking clause would be enforced as written.  The court stated as follows:   

"We admit to some discomfort deciding a case on the basis of how many times the 'Limits of Liability' figure appears on a piece of paper–here, the declarations page.  But that is where the cases, especially the 
Bruder dicta
, take us.  That is where we shall remain until instructed otherwise."  
Domin
, 326 Ill. App. 3d at 697, 761 N.E.2d at 753.  

Our decision in the case at bar does not rest on the number of times the limits-of-liability figure appears on the declarations page.  Our decision rests on the presence of language on the declarations page that is directly contradictory to the antistacking clause, creating an ambiguity in the policy.  In the presence of such an ambiguity, the insurance policy must be construed in favor of the insured and against the insurer.  
Grzeszczak
, 168 Ill. 2d at 223.  We therefore affirm the judgment of the circuit court of Saline County in favor of plaintiffs and against General Casualty.  The General Casualty insurance policy provides coverage in the maximum amount of $500,000 per person and $1 million per accident.

For the foregoing reasons, the judgment of the circuit court of Saline County is hereby affirmed.

Affirmed.

GOLDENHERSH and KUEHN, JJ., concur.

COMMENTS AND ANNOTATIONS
Text Box 1:

TEXT BOXES
NOTICE

Decision filed 03/26/02.  The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.