PRUDENTIAL PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff-Appellee, v. PATRICIA KELLY et al., Defendants-Appellants.

Third District   No. 3—03—0882

Opinion filed October 19, 2004.

Frank A. Celani, of Mokena Professional Centre, of Mokena, for appellants.

Joseph P. Postel and Colleen Reppen Shiel, both of Meachum, Spahr, Postel, Zenz & Matyas, of Chicago, for appellee.

JUSTICE SLATER delivered the opinion of the court:

The plaintiff, Prudential Property & Casualty Insurance Company (Prudential), issued an automobile insurance policy to the defendants, Patricia and Edward Kelly (the Kellys). The policy provided underinsured-motorist (UIM) coverage for four vehicles. After Patricia Kelly suffered injuries in an accident, the Kellys claimed that the policy allowed them to aggregate or "stack" the UIM coverage for the four vehicles. Prudential filed a complaint for declaratory judgment, seeking a finding that the policy did not permit stacking of the coverage. The trial court granted Prudential's motion for summary judgment on the complaint. The Kellys appeal, contending that the declarations page of their policy creates an ambiguity as to whether stacking is permitted and that ambiguity must be resolved in their favor. We affirm.

## FACTS

A motor vehicle driven by Patricia Kelly collided with a vehicle driven by Richard Brown on August 22, 2001. Patricia Kelly and her husband, Edward Kelly, filed a lawsuit against Brown. The lawsuit was settled for the liability limits in Brown's insurance policy of $100,000.

The Kellys then asserted a claim under the UIM coverage in their insurance policy. The Kellys claimed that their policy permitted stacking of the UIM coverage on their four vehicles.

The Prudential policy provides that UIM coverage is payable only when the bodily injury liability limits of the driver responsible for the accident are lower than the limits of the UIM coverage. In this case, Brown's bodily injury liability limits were $100,000, which was equal to the UIM limits on each car in the Prudential policy. Therefore, Prudential denied the Kellys' claim for UIM coverage. Prudential then filed a complaint for declaratory judgment, seeking a finding that the insurance policy did not provide for UIM coverage in these circumstances.

The Kellys filed a countercomplaint for declaratory judgment, asserting that the policy allows them to stack the UIM coverage on each of the four vehicles insured under the policy. Thus, the Kellys sought an order declaring that the available UIM coverage provided under the policy totaled $400,000.

The parties filed cross-motions for summary judgment. Following a hearing, the trial court found that the policy was not ambiguous, and it did not allow for stacking of the UIM coverage on the vehicles. Therefore, the court granted Prudential's motion for summary judgment and denied the Kellys' motion. The court subsequently dismissed the Kellys' countercomplaint.

## DISCUSSION

On appeal, the Kellys contend that the trial court erred in granting Prudential's motion for summary judgment. Relying primarily on *Hall v. General Casualty Co. of Illinois*, 328 Ill. App. 3d 655, 766 N.E.2d 680 (2002), the Kellys assert that the declarations page of the policy creates an ambiguity with regard to whether the UIM coverage limits on the four vehicles may be stacked. The Kellys assert that the ambiguous policy should be construed against Prudential as the drafter, thus providing for total UIM coverage of $400,000. Prudential contends that the language contained in the declarations page and the antistacking provision of the policy unambiguously prohibits stacking of the UIM coverage limits.

■ Summary judgment is appropriate when the pleadings, depositions and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005(c) (West 2002). The construction of an insurance policy and the coverage provided are questions of law that are appropriate subjects for summary judgment. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384, 620 N.E.2d 1073 (1993).

■ In construing an insurance policy, a court must ascertain the intent of the parties as expressed by the language used in the policy. *American States Insurance Co. v. Koloms*, 177 Ill. 2d 473, 687 N.E.2d 72 (1997). If the policy is clear and unambiguous, a court will give the language its plain meaning. *Koloms*, 177 Ill. 2d 473, 687 N.E.2d 72. If the terms are ambiguous, they will be construed against the insurer as the drafter of the policy. *Koloms*, 177 Ill. 2d 473, 687 N.E.2d 72. The touchstone in determining whether an ambiguity exists is whether the relevant portion of the policy is subject to more than one reasonable interpretation, not whether creative possibilities can be suggested. *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 620 N.E.2d 355 (1993).

The declarations page of the Prudential policy states "[i]f a premium charge does not appear, that coverage is not provided." The UIM liability limits of $100,000 per person and $300,000 per accident are listed once on the declarations page. A separate premium is listed for each of the four vehicles for this coverage.

The Prudential policy also contains a "limit of coverage" clause that provides:

"If **you** or any other person insured under this policy is in an accident:

1. In a **car** that is insured by this policy—**We** will not pay more than the limit of coverages for that particular **car**.

2. In a **car** that is not insured by this policy or while a pedestrian—**We** will not pay more than the limit of coverages which **you** have on any one of **your cars**.

This limit of coverage applies regardless of the number of policies, insureds, insured **cars**, claims made, or **cars** involved in the accident or loss. Coverages on other **cars** insured by **us** cannot be added to or stacked on the coverage of the particular **car** involved."

■ Initially, we note that Illinois courts have held an ambiguity concerning whether stacking is permitted is not created by the arrangement of a declarations page that is similar to the one involved in this case—that is, where the UIM coverage limits are listed once and a separate premium for that coverage is listed for each vehicle. See *Bruder*, 156 Ill. 2d 179, 620 N.E.2d 355; *Domin v. Shelby Insurance Co.*, 326 Ill. App. 3d 688, 761 N.E.2d 746 (2001). Further, it has been held that listing UIM coverage limits more than once on a declarations page does not create an ambiguity given a clear antistacking provision in the policy. See *In re Estate of Striplin*, 347 Ill. App. 3d 700, 807 N.E.2d 1255 (2004); *Pekin Insurance Co. v. Estate of Ritter*, 322 Ill. App. 3d 1004, 750 N.E.2d 1285 (2001). Based on this case law, we conclude that listing the coverage limits once along with a separate premium for each of the four vehicles does not create any ambiguity with regard to whether the coverages may be stacked.

Therefore, the critical issue in this case is whether the language "[i]f a premium charge does not appear, that coverage is not provided" creates an ambiguity concerning whether stacking is permitted. In *Hall*, the declarations page of the policy stated that " 'INSURANCE IS PROVIDED WHERE A PREMIUM IS SHOWN.' " *Hall*, 328 Ill. App. 3d at 657. The court held this language in conjunction with the separate premiums for each of the vehicles shown on the declarations page created an ambiguity as to whether the UIM limits for each vehicle could be stacked. *Hall*, 328 Ill. App. 3d 655, 766 N.E.2d 680. The court construed this ambiguity in favor of the insured and found that the insurance policy permitted stacking. *Hall*, 328 Ill. App. 3d 655, 766 N.E.2d 680.

We find that the language contained in the declarations page in *Hall* is distinguishable from the language used in this case. The phrase "[i]f a premium charge does not appear, that coverage is not provided"

means only what it says—that coverage is not provided when a premium for the coverage does not appear on the declarations page. This is different from the statement in *Hall* that insurance is provided where a premium is shown. More importantly, the language in the Prudential declarations page does not explicitly state or imply that the UIM coverage on all four vehicles may be stacked if one of the vehicles is involved in an accident. The language only informs the insured that coverage is not provided if a premium does not appear on the declarations page.

Moreover, any possible confusion with regard to whether the coverage can be stacked is clarified by the antistacking provision in the policy. That provision is abundantly clear that stacking the UIM coverage on the vehicles is not allowed in these circumstances. In sum, we find that the policy clearly does not allow stacking of the UIM limits. Accordingly, the trial court did not err in granting Prudential's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, the judgment of the circuit court of Will County is affirmed.

Affirmed.

McDADE and SCHMIDT, JJ., concur.