**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2017-0021, Estate of Brandon P. Rock v. Metropolitan Group Property and Casualty Insurance Company, the court on June 9, 2017, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See Sup. Ct. R. 18(1). We affirm.

The plaintiff, the Estate of Brandon P. Rock, appeals the order of the Superior Court (Tucker, J.) granting summary judgment to the defendant, Metropolitan Group Property and Casualty Insurance Company, in an action seeking a declaratory judgment that the estate is entitled to "stack" underinsured motorist coverage. See RSA 491:22, I (2010). The plaintiff argues that the trial court misinterpreted the insurance policy to preclude intra-policy stacking.

On August 10, 2014, Brandon Rock was killed in an automobile accident while a passenger in a vehicle driven by Jonathan Varnum. The accident also killed Varnum and one other occupant. A fourth passenger was injured. Varnum had liability coverage in the amount of $50,000, which was divided equally among the surviving victim and the estates of the deceased passengers. Brandon was insured by the defendant under an automobile policy issued to his parents that covered the parents' five motor vehicles and one trailer, with underinsured motorist coverage limits of $100,000 per person and $300,000 per accident. The plaintiff sought a declaratory judgment that it is entitled to "stack" the underinsured motorist coverage limits by multiplying the limits by the number of insured vehicles.[1]

"Intra-policy stacking allows the insured to aggregate the limits of underinsured motorist coverage by multiplying the stated limit of liability by the number of vehicles covered under a policy." Brouillard v. Prudential Prop. & Cas. Ins. Co., 141 N.H. 710, 712 (1997) (quotation omitted). "Although stacking of underinsured motorist coverage is generally allowed, insurance companies are free to limit their liability and prevent stacking through the use of clear and unambiguous policy language." Id. (quotation omitted).

---

[1] The issue of whether the amount payable under the policy is subject to an offset for amounts recovered from the tortfeasor is beyond the scope of this appeal.

The limit of liability section of the uninsured and underinsured motorists coverage part provides:

> The limit of liability shown in the Declarations for "each person" is the most we will pay to all persons for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of bodily injury sustained by any one person as the result of any one accident. Subject to this limit for "each person", the limit shown in the Declarations for "each accident" for bodily injury liability, is the most we will pay to all persons for all damages, including damages for care, loss of consortium, emotional distress, loss of services or death, arising out of bodily injury sustained by two or more persons resulting from any one accident. This is the most we will pay regardless of the number of:
>
> 1. covered persons;
> 2. claims made;
> 3. vehicles or premiums shown in the Declarations; or
> 4. vehicles involved in the accident.

The plaintiff argues that the first sentence of this section is ambiguous because the limit of liability for each person, $100,000, is not same as the limit of liability for "all persons," which is $300,000, if several people are injured in one accident. The interpretation of an insurance policy is a question of law for this court to decide. Great Am. Ins. Co. v. Christy, 164 N.H. 196, 200 (2012). We look to the plain and ordinary meaning of words in their context and construe the policy "as would a reasonable person in the position of the insured based on more than a casual reading of the policy as a whole." Concord Gen. Mut. Ins. Co. v. Mitchell, 138 N.H. 229, 231 (1994) (quotation omitted). In construing policy language, the clauses in a sentence must be read together. Trombly v. Blue Cross/Blue Shield, 120 N.H. 764, 768 (1980).

The plaintiff's interpretation of the first sentence in this section ignores the clauses at the end of the sentence. Giving effect to this language, the sentence states that the $100,000 "per person" limit is the most the defendant will pay for damages "arising out of bodily injury sustained by any one person as the result of any one accident." The damages in this case arose from bodily injury sustained by one person, Brandon Rock, as the result of one accident, the accident that occurred on August 10, 2014. We conclude that this language unambiguously means that the $100,000 per person limit applies.

Nor do we find ambiguity in the second sentence, which limits liability to $300,000 per accident. We have held that when "per accident" and "per person" limits follow one another on a declarations page, the logical construction is that the "per person" limit modifies the "per accident" limit. See

2

Brouillard, 141 N.H. at 717.  When this occurs, "[t]he policy unambiguously provides that an insured individual is always limited to $100,000 regardless of how many individuals are injured in a single accident."  Id. at 718.

The third and final sentence in the section states that the $100,000 "per person" limit is the most the insurer will pay regardless of the number of "vehicles or premiums shown in the Declarations."  This language expressly forecloses the plaintiff's stacking argument in this case, which is based upon the number of vehicles and premiums shown in the declarations.  See Grinnell Select Ins. Co. v. Baker, 362 F.3d 1005, 1006 (7th Cir. 2004) (construing similar provision and concluding that "[i]t is hard to imagine clearer language").

We conclude that the policy clearly and unambiguously precludes intra-policy stacking.  See Brouillard, 141 N.H. at 712.

Affirmed.

Dalianis, C.J., and Lynn and Bassett, JJ., concurred.


**Eileen Fox,
Clerk**

3