NOTICE

Decision filed 07/13/10. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-07-0468

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS, | ) Appeal from the ) Circuit Court of ) Richland County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 06-MR-28 |
| | ) |
| LUKE KOCHER, a Minor, by and Through the Guardian *ad litem*, Jeffrey E. Fleming, | ) ) Honorable |
| | ) Larry D. Dunn, |
| Defendant-Appellee. | ) Judge, presiding. |

_____

JUSTICE CHAPMAN delivered the opinion of the court:

This appeal requires us to construe a limitation-of-liability provision in a vehicle insurance policy and to determine the effect of that provision where two of the three vehicles covered under the policy crashed into each other. The plaintiff, Progressive Premier Insurance Company of Illinois (Progressive), appeals an order of the trial court finding in favor of the defendant, Luke Kocher, in a declaratory judgment action in which Progressive sought a ruling declaring that Luke's recovery was limited to the bodily injury liability limits for only one of the vehicles. We affirm.

This case involves an accident that occurred when Luke Kocher was riding as a passenger on an all-terrain vehicle (ATV) driven by his father, Timothy Kocher. Luke's brother, Nick Kocher, was driving a motorcycle. The motorcycle and the ATV collided. As a result, Luke suffered head injuries requiring five days of initial hospitalization and three surgeries.

At the time of the accident, both vehicles were covered under an insurance policy

1

issued by Progressive to Timothy and Paula Kocher. The policy also covered a third vehicle, another motorcycle. Under a section entitled "Limits of Liability," the policy provides as follows:

"The limit of liability shown on the **Declarations Page** is the most we will pay regardless of the number of:

1. claims made;

2. **covered vehicles**;

3. **trailers** shown on the **Declarations Page**;

4. **insured persons**;

5. lawsuits brought;

6. vehicles involved in an **accident**; or

7. premiums paid."

The declarations page itself states, "The policy limits shown for a vehicle may not be combined with the limits for the same coverage on another vehicle."

The policy limits appear on the declarations page in an "Outline of coverage," which consists of four sections. The first section is titled "General policy coverage." The other three sections pertain to each of the covered vehicles. Each section is laid out as a chart with four columns. The four columns are essentially the same in each section of the outline of coverage–they show, respectively, the types of coverage provided and the limits, deductibles, and premiums for each. The outline of coverage is laid out as follows:

| "**General policy coverage** | Limits | Deductible | Premium |
|---|---|---|---|
| Uninsured/Underinsured Motorist Bodily Injury | $100,000 each person/$300,000 each accident | | $15 |
| Total general policy coverage | | | **$15** |
| | | | |
| **2002 Yamaha YFM660FWA** | Limits | Deductible | Premium |
| Liability to Others (with guest passenger) | | | $18 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $50,000 each accident | | |
| Medical Payments | $1,000 each person | | 6 |
| Comprehensive | | $100 | 17 |

| | | Deductible | Premium |
|---|---|---|---|
| Collision | | $250 | 19 |
| Custom Parts or Equipment | $1,000 with Comprehensive or Collision | | included |
| | | | |
| Total premium for 2002 Yamaha | | | **$60** |

| **1995 Yamaha (ALL MODEL)** | Limits | Deductible | Premium |
|---|---|---|---|
| Liability to Others (with guest passenger) | | | $54 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $50,000 each accident | | |
| Medical Payments | $1,000 each person | | 8 |
| Comprehensive | | $100 | 5 |
| Collision | | $250 | 8 |
| Custom Parts or Equipment | $1,000 with Comprehensive or Collision | | included |
| | | | |
| Total premium for 1995 Yamaha | | | **$75** |

| **2001 Honda TRX250EX** | Limits | Deductible | Premium |
|---|---|---|---|
| Liability to Others (with guest passenger) | | | $49 |
|   Bodily Injury Liability | $100,000 each person/$300,000 each accident | | |
|   Property Damage Liability | $50,000 each accident | | |
| Medical Payments | $1,000 each person | | 6 |
| Comprehensive | | $100 | 10 |
| Collision | | $250 | 10 |
| Custom Parts or Equipment | $1,000 with Comprehensive or Collision | | included |
| | | | |
| Total premium for 2001 Honda | | | **$75** |
| **Total 12 month policy premium** | | | **$225**" |

After Paula Kocher filed a petition for authority to settle a minor's personal injury claim, Progressive filed the declaratory judgment complaint that forms the basis of this appeal. The complaint sought a declaration ruling that its liability was limited to $100,000, the policy limits provided for bodily injury liability for a single vehicle. Each party filed a motion for a summary judgment. The court ruled from the bench at the end of a hearing on the motions. The court first noted that this case is a case of first impression because the court "could find no other case relating to two vehicles that collided with each other covered under the same policy." The court next pointed to the fact that the declarations page shows policy limits separately for the bodily injury liability coverage for each vehicle but lists the limits for uninsured- and underinsured-motorist coverage only once. The court then explained as follows:

"I don't believe that this policy clearly addresses a situation where two covered vehicles collided. I don't believe that it is unambiguously addressed in this policy. And I believe that–it's a reasonable interpretation where you have three vehicles–and really two is what we are dealing with here–where coverage would be assumed to the limits of bodily injury liability as to each of those vehicles where they collide and both vehicles were operated negligently to injure someone ***."

Finally, the court noted that any ambiguity caused by the failure to specifically address this situation must be resolved in favor of coverage. The court denied Progressive's motion for a summary judgment and granted Luke's motion. The court entered its rulings in a docket entry. This appeal followed.

On appeal, Progressive argues that the court below erred in finding that the policy did not unambiguously limit coverage to the $100,000 limit applicable to one vehicle. Because this case involves a question of contract interpretation, which is an issue of law, our review is *de novo*. *Hobbs v. Hartford Insurance Co. of the Midwest*, 214 Ill. 2d 11, 17, 823 N.E.2d 561, 564 (2005).

Insurance policies are subject to the same rules that govern the interpretation of other types of contracts. *Hobbs*, 214 Ill. 2d at 17, 823 N.E.2d at 564. Our primary goal is to ascertain and effectuate the intent of the parties. To do this, we look first to the express language of the policy. *Hobbs*, 214 Ill. 2d at 17, 823 N.E.2d at 564. Policy provisions will be enforced as written unless the policy is ambiguous or violates the public policy of this state. *Hobbs*, 214 Ill. 2d at 17, 823 N.E.2d at 564.

A policy provision violates public policy if it fails to conform to a statutory requirement. *Progressive Universal Insurance Co. of Illinois v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 129, 828 N.E.2d 1175, 1180 (2005). The supreme court has held that antistacking provisions similar to the one here at issue generally do not violate

4

public policy. *Hobbs*, 214 Ill. 2d at 17-18, 823 N.E.2d at 564 (citing *Grzeszczak v. Illinois Farmers Insurance Co.*, 168 Ill. 2d 216, 229, 659 N.E.2d 952, 959 (1995)); see also *Bruder v. Country Mutual Insurance Co.*, 156 Ill. 2d 179, 184, 620 N.E.2d 355, 358 (1993) (explaining that antistacking clauses do not undermine the legislative purpose behind the uninsured-motorist statute). However, neither the supreme court nor this court has addressed whether those clauses violate public policy under the circumstances of this case. See *Progressive Universal Insurance Co. of Illinois*, 215 Ill. 2d at 130, 828 N.E.2d at 1180 ("Whether an agreement is contrary to public policy depends on the particular facts and circumstances of the case"). Because the parties do not address this issue and we find that the policy provides coverage on other grounds, we need not consider whether prohibiting the stacking of liability coverage where more than one covered vehicle is involved might violate public policy.

A provision is ambiguous if it is susceptible to more than one reasonable interpretation; however, we will consider only reasonable alternative interpretations and will not strain to find an ambiguity where none exists. *Hobbs*, 214 Ill. 2d at 17, 823 N.E.2d at 564. Moreover, an ambiguity "may be revealed in the terms used in view of the particular circumstances involved." *Bruder*, 156 Ill. 2d at 185, 620 N.E.2d at 358. In resolving ambiguities, we are guided by principles of public policy, and we will resolve ambiguities in favor of the insured. *Bruder*, 156 Ill. 2d at 185, 620 N.E.2d at 358.

The relevant policy language in the "Limits of Liability" section of the Kochers' policy with Progressive is what is commonly referred to as an antistacking clause. Stacking ordinarily involves combining or aggregating the policy limits applicable to more than one vehicle where the other vehicles are not involved in the accident. See *Progressive Premier Insurance Co. v. Cannon*, 382 Ill. App. 3d 526, 530, 889 N.E.2d 790, 794 (2008) (noting that a case involving circumstances similar to this case was "not a 'true' antistacking case"); *Auto-*

5

*Owners Insurance Co. v. Anderson*, 756 So. 2d 29, 35 (Fla. 2000) (explaining that stacking "occurs when coverage from vehicles *not involved in the accident* is sought to be added to the coverage for the vehicle involved" (emphasis in original)). Here, Luke argues that he is not seeking to aggregate coverage; rather, he is seeking to receive up to the policy limits for each vehicle involved in the accident. Progressive argues that this distinction is irrelevant because the policy language unambiguously limits its liability to the policy limits for one vehicle in all circumstances, while Luke contends that the cases cited by Progressive are distinguishable because they involve stacking in the traditional sense. Although we will find this distinction to be dispositive in the instant case, we emphasize that we reach this conclusion only after considering the policy language and the circumstances of this case in their entirety. The fact that this case does not involve traditional stacking does not, standing alone, answer the question before us.

When we interpret an insurance policy, we must consider the policy as a whole. *Yates v. Farmers Automobile Insurance Ass'n*, 311 Ill. App. 3d 797, 799, 724 N.E.2d 1042, 1044 (2000). The declarations page–which lists the types of coverage provided and the policy limits and premiums for each–is a part of the insurance contract. See *Hobbs*, 214 Ill. 2d at 23, 823 N.E.2d at 567 (noting that the declarations page "contains important information specific to the policyholder" even though it is just "one piece of the insuring agreement").

As previously noted, the relevant language in the limitation-of-liability section expressly incorporates the declarations page–it provides that the most Progressive will pay is the limit "*shown on the Declarations Page*" (emphasis added). This language requires us to determine what the limit shown on the declarations page actually is. To answer this question, both this court and the Illinois Supreme Court have often looked to the layout of the declarations page of the policy involved in conjunction with the language of the antistacking clause. *E.g., Hobbs*, 214 Ill. 2d at 23-25, 823 N.E.2d at 567-69; *Bruder*, 156

6

Ill. 2d at 191-94; 620 N.E.2d at 361-63; *Abram v. United Services Automobile Ass'n*, 395 Ill. App. 3d 700, 708, 916 N.E.2d 1175, 1182 (2009); *Johnson v. Davis*, 377 Ill. App. 3d 602, 607-10, 883 N.E.2d 521, 527-29 (2007); *Yates*, 311 Ill. App. 3d at 800, 724 N.E.2d at 1045.

Generally, these cases have found that, where the declarations page lists the policy limits for uninsured- or underinsured-motorist coverage more than once, this creates an ambiguity regarding whether the coverage may be stacked and that ambiguity must be resolved in favor of the insured. Where, however, the limit is shown only once, these cases have held that there is no ambiguity and the coverages do not stack. *Hobbs*, 214 Ill. 2d at 25, 823 N.E.2d at 568-69; *Bruder*, 156 Ill. 2d at 192-93, 620 N.E.2d at 362; *Abram*, 395 Ill. App. 3d at 708, 916 N.E.2d at 1182; *Johnson*, 377 Ill. App. 3d at 609, 883 N.E.2d at 528-29; *Yates*, 311 Ill. App. 3d at 800, 724 N.E.2d at 1045. As both this court and the supreme court have recognized, this does not mean there is a *per se* rule that where the limits for a particular type of coverage are shown multiple times they may be stacked. *Hobbs*, 214 Ill. 2d at 26 n.1, 823 N.E.2d at 569 n.1; *Johnson*, 377 Ill. App. 3d at 609, 883 N.E.2d at 528. Rather, whether coverage may be stacked in such a case depends on the language used both in the body of the policy and on the declarations page itself.

Progressive argues, however, that this type of analysis is "flawed and contrary to contract interpretation principles which require a review of the entire policy before determining whether the declarations page creates an ambiguity." According to Progressive, this court in *Yates* and the supreme court in *Hobbs* and *Bruder* focused "solely" on the declarations pages in the policies, which contravenes the rule that insurance policy provisions are to be read with an eye toward the policy as a whole rather than in isolation. Progressive contends that cases such as the Second District's decision in *In re Estate of Striplin*, 347 Ill. App. 3d 700, 807 N.E.2d 1255 (2004), provide a better framework for resolving the question before us.

7

We first note that, regardless of which cases Progressive finds most compelling, this court's decision in *Yates* (where we found that the layout of the declarations page created an ambiguity regarding whether the policy allowed stacking) has not been overruled. The supreme court in *Hobbs* specifically distinguished the policy at issue there with the one we construed in *Yates*. *Hobbs*, 214 Ill. 2d at 25, 823 N.E.2d at 568-69. In fact, the *Hobbs* court stated that, under *Bruder*, our *Yates* decision was correct. *Hobbs*, 214 Ill. 2d at 25, 823 N.E.2d at 569. This is because *Yates* involved the type of policy the *Bruder* court had in mind when it noted that if an antistacking clause limits liability to the limit shown on the declarations page–and the declarations page lists the limit for a type of coverage more than once–"it would not be difficult to find an ambiguity." *Hobbs*, 214 Ill. 2d at 25, 823 N.E.2d at 569 (citing *Bruder*, 156 Ill. 2d at 192, 620 N.E.2d at 362).

We acknowledge that these statements in *Hobbs* and *Bruder* were *dicta*. See *In re Estate of Striplin*, 347 Ill. App. 3d at 703, 807 N.E.2d at 1258 (referring to "the *Bruder dicta*"). However, as Progressive acknowledges, the court devoted a great deal of attention in both decisions to interpreting the declarations pages. As the *Bruder* court explained, "Understanding the arrangement of entries in the columns is important in determining the effect of what is [or is] not there included." *Bruder*, 156 Ill. 2d at 192, 620 N.E.2d at 362. Thus, while the supreme court's statements regarding the effect of multiple listings of policy limits were *dicta*, its statements regarding the importance of the declarations page layout in interpreting the policy as a whole were not. This is the law in Illinois.

Moreover, we believe that Progressive's argument mischaracterizes *Hobbs*, *Bruder*, and *Yates*. Contrary to Progressive's contention, all three cases looked at the declarations pages in conjunction with the general policy language. We also find that *In re Estate of Striplin* does not conflict with our holding in *Yates* or the supreme court's holdings in *Hobbs* and *Bruder*. Indeed, we believe that the case actually supports Luke's position rather than

Progressive's.

In *In re Estate of Striplin*, the Second District was called upon to determine whether a policyholder could stack the underinsured-motorist coverages on two vehicles insured under the same policy. There were two declarations pages–one for each covered vehicle. The declarations pages showed the relevant coverage limits twice–once on each declarations page. *In re Estate of Striplin*, 347 Ill. App. 3d at 701, 807 N.E.2d at 1257. Although the court does not explicitly say so, the fact that each vehicle had its own page indicates that the types of coverage, liability limits, and premiums for each vehicle must have been listed separately, much as they were in the declarations page in the instant case.

The antistacking clause at issue in *In re Estate of Striplin* stated, " 'The limits of liability applicable to any one *auto* *** will not be combined with or added to the limits of liability applicable to any other *auto* ***.' " *In re Estate of Striplin*, 347 Ill. App. 3d at 701, 807 N.E.2d at 1257. It further provided as follows:

> " 'If two or more *autos* are shown on the policy declarations and one of these *autos* is involved in the accident, the limits of liability shown on the policy declarations for the involved *auto* will apply. If none of the *autos* shown on the policy declarations is involved in the accident, the highest limits of liability *** for any one *auto* will apply.' " *In re Estate of Striplin*, 347 Ill. App. 3d at 701, 807 N.E.2d at 1257.

The court rejected "a *per se* rule that any listing of multiple limits of liability creates an ambiguity." *In re Estate of Striplin*, 347 Ill. App. 3d at 703, 807 N.E.2d at 1259. However, the court also found that "listings of multiple liability limits *may* create an ambiguity in conjunction with other language in the policy" (emphasis in original). *In re Estate of Striplin*, 347 Ill. App. 3d at 704, 807 N.E.2d at 1259.

The court concluded that the multiple listings in the case before it did not create an ambiguity regarding whether the coverages could be stacked. In reaching this conclusion,

9

the court pointed out that the provision specifically addressed what happened there–the insured had an accident involving neither of the two automobiles covered under the policy. *In re Estate of Striplin*, 347 Ill. App. 3d at 705, 807 N.E.2d at 1260. The *In re Estate of Striplin* court contrasted this very specific language with limit-of-liability clauses that "merely refer to the 'limits of liability' in the declarations pages." *In re Estate of Striplin*, 347 Ill. App. 3d at 705, 807 N.E.2d at 1260. Thus, the court did not reject the rationale of *Yates* and other similar cases; rather, it applied that rationale to the facts before it and found a crucial distinction which led it to conclude that the policy involved was unambiguous.

The facts of the instant case make it distinguishable from *In re Estate of Striplin*. Although the language in the limitation-of-liability section in the body of the policy is more like that found in *Yates* and *Johnson* than that involved in *In re Estate of Striplin*, the declarations page itself contains a statement similar to the relevant language in *In re Estate of Striplin*–that is, the declarations page states that coverage for one vehicle may not be combined with the same coverage for another. It is not relevant that the language appears on the declarations page rather than in the body of the policy. If this were a traditional stacking case–this is, if Luke were seeking to aggregate coverage from the additional covered motorcycle that was not involved in the accident–we might be inclined to find that the policy unambiguously prohibits that stacking. However, this is not a true stacking case in the traditional sense. Under these circumstances, we find that a full consideration of the relevant provisions–the antistacking language on the declarations page, the layout of the outline of coverage, and the language of the limit-of-liability section–leads to the conclusion that the bodily injury liability limits applicable to each vehicle involved in the accident are available to Luke.

As we have discussed, the declarations page contains separate headings for each vehicle and an additional heading for the general policy coverage. Significantly, uninsured-

10

and underinsured-motorist protection is provided under the general policy provision section and appears to be applicable to any or all of the vehicles with a single limit. By contrast, the other types of coverage–including the bodily injury liability coverage, which is what is at issue here–are listed separately for each vehicle under a heading that indicates the vehicle for which the coverage is provided. The most logical implication of this layout is that if any vehicle is involved in an accident, the limit of bodily injury liability coverage available is the limit listed under that vehicle, whether or not any of the other covered vehicles are involved.

As previously noted, both the general policy provisions and the declarations page contain antistacking language. The former provides that the most Progressive will pay is the limit shown on the declarations page. The latter provides that the policy limits shown for any one vehicle "may not be *combined with* the limits for the same coverage on another vehicle" (emphasis added). Because the clause in the general policy provisions refers to "[t]he limit of liability shown on the Declarations Page," it depends for its meaning on a determination of what the limit shown on the declarations page is. The antistacking language in the declarations page is subject to two reasonable interpretations. The statement can be read to prohibit only true stacking–that is, it can be read to prohibit combining the coverage for vehicles that were not involved in the accident with the coverage for a vehicle that was involved. In that case, the policy unambiguously provides full coverage for any vehicle actually involved in an accident. The statement might also be read to preclude recovery of the policy limits for more than one vehicle under any circumstances. In that case, under this court's decisions in *Johnson* and *Yates*, the listings of coverage separately for each vehicle create an ambiguity which must be resolved in favor of coverage. Because we must resolve any ambiguities in favor of the insureds, either interpretation leads us to conclude that the policy provides coverage for both the ATV and the motorcycle.

Finally, we note that the trial court and both parties treated this as a case of first

11

impression in Illinois; however, after briefing was complete, the Third District addressed a situation analogous to the one before us. *Progressive Premier Insurance Co. v. Cannon*, 382 Ill. App. 3d 526, 889 N.E.2d 790 (2008). That case involved a policy issued by Progressive that insured two jet skis. *Cannon*, 382 Ill. App. 3d at 527, 889 N.E.2d at 792. The two jet skis collided with each other, seriously injuring the passenger on one of the jet skis. *Cannon*, 382 Ill. App. 3d at 526, 889 N.E.2d at 791-92. The court reached the opposite conclusion from the one we reach today. We find *Cannon* distinguishable.

There, the general policy provisions contained an antistacking clause nearly identical to the "Limits of Liability" section of the policy at issue here. That provision, like the one at issue here, expressly referenced the policy limits shown on the declarations page. *Cannon*, 382 Ill. App. 3d at 527, 889 N.E.2d at 792. The opinion does not describe in detail the layout of the declarations page. As mentioned, the case involves a policy issued by Progressive, the plaintiff in this case. However, the declarations page on the policy issued to the jet ski owners in *Cannon* is different from the policy here in at least one significant way: the court pointed out that the declarations page there listed the limits of liability only once. *Cannon*, 382 Ill. App. 3d at 530, 889 N.E.2d at 794. The court considered this to be a critical distinction between the policy it was construing and the policy involved in *Johnson*, where this court found that multiple listings of the policy limits created an ambiguity in the antistacking language. *Cannon*, 382 Ill. App. 3d at 530, 889 N.E.2d at 794. Thus, we do not believe that *Cannon* dictates that we find that Luke's recovery here is limited to the policy limits for one vehicle.

Similarly, we find the out-of-state cases cited by Progressive distinguishable and unpersuasive. Progressive first cites *Suh v. Dennis*, 260 N.J. Super. 26, 614 A.2d 1367 (1992), an 18-year-old decision of a New Jersey trial court. That case involved a business automobile policy with a declarations page that specifically stated, " 'The most we will pay

for any one accident or loss [is $500,000].' " *Suh*, 260 N.J. Super. at 31, 614 A.2d at 1370. The court then discussed whether the chain of events at issue constituted two separate accidents or just one, an issue that is not relevant in this case. *Suh*, 260 N.J. Super. at 33-34, 614 A.2d at 1371-72. Progressive also cites *State Auto Insurance Co. v. Stinson*, 142 F.3d 436 (6th Cir. 1998) (table), a 12-year-old unreported decision of the Sixth Circuit Court of Appeals applying Kentucky law. The declarations page in *Stinson*, much like that in *Suh*, stated, "$100,000 is 'the most we will pay for any one accident or loss.' " *Stinson*, 1998 WL 124501, at *2; 1998 U.S. App. LEXIS 4671, at *6. Neither court considered the layout of the declarations page, as Illinois courts do. Nothing in either case persuades us to reach a different conclusion.

We conclude that the policy provides coverage up to the policy limit of $100,000 for each of the two vehicles involved in the accident. Accordingly, we affirm the decision of the trial court.


Affirmed.


GOLDENHERSH, P.J., and WEXSTTEN, J., concur.

13

NO. 5-07-0468

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | |
|---|---|
| PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS, | ) Appeal from the<br>) Circuit Court of<br>) Richland County. |
| Plaintiff-Appellant, | ) |
| | ) |
| v. | ) No. 06-MR-28 |
| | ) |
| LUKE KOCHER, a Minor, by and Through the Guardian *ad litem*, Jeffrey E. Fleming, | ) <br>) <br>) Honorable |
| | ) Larry D. Dunn, |
| Defendant-Appellee. | ) Judge, presiding. |

**Opinion Filed**:  July 13, 2010

**Justices**:   Honorable Melissa A. Chapman, J.,

Honorable Richard P. Goldenhersh, P.J.,
Honorable James M. Wexstten, J.,
Concur

**Attorneys for Appellant**   Bill Porter, Reagan F. Goins, Chilton Yambert Porter & Young, 2000 S. Batavia Avenue, Second Floor, Geneva, IL 60134

**Attorney for Appellee**   Jeffrey E. Fleming, Fleming Law Office, P.O. Box 598, Olney, IL 62450